## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Lionel Ned                                        Civil Action No. 6:16-CV-1035

versus                                            Judge Robert G. James

Eunice Police Department, et al.                  Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Pending before the Court are the following motions: (1) a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Randy Fontenot  and Officer A. J. Frank (Doc. 4); (2) a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), filed by Defendant Eunice Police Department ("EPD") (Doc. 6); (3) Motion to Dismiss pursuant to Rule 12(b)(6), filed by Fontenot (Doc. 9); and (4) a Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant Raymond Mott.   (Doc. 23.)   Plaintiff Lionel Ned, Jr. has filed Memorandums in Opposition to each Motion to Dismiss.  (Docs. 13, 17, 18, and 31.) For the following reasons, the undersigned recommends that the EPD's motion (Doc. 6) be granted, that the motions to dismiss filed by Fontenot, Frank, and Mott (Docs. 4 and 23) be granted in part and denied in part, and that Fontenot's separate motion to dismiss (Doc. 9) be denied.

## *I.  Background*

Plaintiff alleges that, on or about April 24, 2013, he was wrongfully arrested and then detained in St. Landry Parish.  (Doc. 1 at ¶ 1.)  According to Plaintiff, EPD officers arbitrarily approached Plaintiff on the passenger side of a vehicle that was legally parked at a gas station.  (Doc. 1 at ¶ 24.)  Plaintiff alleges that Officer Frank began to harass and interrogate Plaintiff as well as to conduct a search without a warrant or probable cause.  (Doc. 1 at ¶ 25.)  Plaintiff was subsequently arrested by the EPD and charged with: possession with the intent to distribute a Schedule II Controlled Dangerous Substance; possession of drug paraphernalia; violation of Uniform Controlled Dangerous Substances Law (drug free zone); and wearing no seatbelt.  (Doc. 1 at ¶ 26.)  While not providing a specific date, Plaintiff states that these charges ultimately were dismissed  by the St. Landry Parish District Attorney. (Doc. 1 at ¶ 27.)

On July 13, 2016, Plaintiff filed this action seeking damages against: the EPD; Officer Mott, individually and in his official capacity; Officer Frank, individually and in his official capacity; and Chief of Police Fontenot, in his official capacity.  (Doc. 1.)  Plaintiff asserts several claims under 42 U.S.C. § 1983 as well as state law claims

of wrongful arrest, wrongful detention, and malicious prosecution.   (Doc. 1.)
Defendants have submitted four motions to dismiss.  (Docs. 4, 6, 9 and 23.)

### III.  Discussion

#### A.    Motion To Dismiss Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the
Federal Rules of Civil Procedure, is appropriate when a defendant attacks the
complaint because it fails to state a legally cognizable claim.  *Ramming v. United
States*, 281 F.3d 158, 161 (5th Cir.2001).  The court must accept all well-pleaded facts
set forth in the complaint as true, and it must view them in the light most favorable
to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.
2007).  Conclusory allegations and unwarranted deductions of fact, however, are not
accepted as true.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.
2000).  In addition, courts "are not bound to accept as true a legal conclusion couched
as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to
state a claim to relief that is plausible on its face."  *Id.* at 570. The allegations must
be sufficient "to raise a right to relief above the speculative level," *Id. at 555,* and
"the pleading must contain something more . . . than . . . a statement of facts that

3

merely creates a suspicion [of] a legally cognizable right of action," *Id.*  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court generally must limit itself to the contents of the pleadings, including attachments thereto.   *Collins*, 224 F.3d at 498; F.R.C.P.  12(b)(6).

Nevertheless, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343 fn.6 (5th Cir. 1994); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## B.   *EPD's Motion to Dismiss*

EPD has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 6-1.)  Because a city police department is not a separate legal entity, EPD contends that it is not a juridical person capable of being sued, and therefore, no relief can be granted against it.  (Doc. 6-1 at pp. 1-4.)  Plaintiff opposes this motion, contending that the arguments advanced by the EPD are conclusory and unsupported by evidence.  (Doc. 18-1 at p. 2.)  Plaintiff states, however, that he "would voluntarily agree to the substitution of the City of Eunice for the [EPD] if that would solve the problem."[1]  (Doc. 18-1 at p. 2.)

There is no subsection of Rule 12(b) that specifically authorizes a motion to dismiss based on the lack of capacity to be sued.  However, "Federal courts . . .

---

[1]  While indicating that he was preparing to file a motion to substitute the City of Eunice in place of the EPD, Plaintiff has yet to file such a motion.

traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or statute[,] . . . such as motions raising . . . a lack of capacity to sue or be sued."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d. Ed. 2016).

"The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued."  *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *1 n. 1 (W.D. La. June 13, 2007) (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991)).  Courts in this district have considered such motions pursuant to either Rule 12(b)(2) or Rule 12(b)(6).  *See, e.g., Roth v. City of Pineville*, No. 1:11-cv-2061, 2012 WL 1596689, at *1 (W.D. La. Apr. 3, 2012) ("A Rule 12(b)(6) motion is a proper vehicle for seeking dismissal of claims for lack of procedural capacity to be sued."); *Richard v. City of Port Barre* No. 6:14-cv-2427, 2015 WL 252436, at *1 (W.D. La. Jan. 20, 2015) (considering pursuant to Rule 12(b)(2) whether to dismiss the Port Barre Police Department based on the lack of capacity to be sued).  Thus, the Court finds that it may consider EPD's motion pursuant to either Rule 12(b)(2) or (b)(6).

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit.  Rule 17(b)(3) states that the capacity to sue or be sued of a party

such as the EPD, which is neither an individual nor a corporation, is determined by the law of the state where the court is located.  Fed. R. Civ. P. 17(b)(3). Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."  LA. C. C. Art. 24.  The Louisiana Supreme Court has adopted the following approach for determining whether a political subdivision is a separate and distinct juridical person:

> The important determination with respect to the juridical status or legal capacity of an entity . . . is whether the entity can appropriately be regarded as an additional and separate government unit . . . .  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994).

Police departments generally do not exist separate from the city and are not entities capable of being sued.  *See Darby*, 939 at 313 (recognizing that a police department is not a separate legal entity capable of being sued); *Brown v. Lafayette City-Parish Consolidated Gov't*, No. 6:13-2436, 2014 WL 1217960, at *1 (W.D. La. Feb. 28, 2014) (concluding that the Lafayette Police Department has no independent

legal existence or the capacity to be sued).  It is undisputed that the laws governing

the incorporation of the City of Eunice make no provision for the police department

as a separate entity.  In his April 7, 2016 affidavit, City of Ellison Mayor, Scott A.

Fontenot, states "[t]he [EPD] is merely a subdivision of the City of Eunice and is not

an autonomous, separate, independent or distinct body corporate but rather is merely

an agency or division of the greater corporate juridical body, that being the City of

Eunice."  (Doc. 6-2 at p.1.)

As the City of Eunice has not granted the EPD the status of a corporate body

and has not placed it under a separate board with powers of self government, the EPD

is not a juridical entity capable of being sued in this case.  Accordingly, the EPD's

Motion to Dismiss (Doc. 6) is due to be granted.

## C.   *Analysis of Plaintiff's § 1983 Claims*

Section 1983 of Title 42 creates a cause of action against any person who,

under color of law, causes another to be deprived of a federally protected

constitutional right.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom or usage, of any state . . . subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws shall be liable to the party injured
> in an action at law, suit in equity or other proper proceeding for redress
> . . . .

Section 1983 was promulgated to prevent ". . .[a government official's] [m]isuse of power, possessed by virtue of state law and made possible only because the [official] is clothed with the authority of state law." *Johnston v. Lucas,* 786 F.2d 1254, 1257 (5th Cir. 1986); *Whitley v. Albers,* 475 U.S. 312 (1986); *Davidson v. Cannon,* 474 U.S. 344 (1986).   Only two allegations are required in order to state a cause of action under 42 U.S.C. § 1983.  "First, the Plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *Manax v. McNamara,* 842 F.2d 808, 812 (5th Cir. 1988).

### 1.     *Motions to Dismiss filed by Fontenot, Franks, and Mott*

Fontenot and Frank filed a Motion to Dismiss for failure to state a claim for relief with respect to Plaintiff's § 1983 claims. (Doc. 4.) Mott filed a separate motion to dismiss in which he incorporated by reference the arguments advanced in the Motion to Dismiss filed by Defendants Fontenot and Franks.  (Doc. 23-1 at p. 3.)

### False Arrest, False Imprisonment, and Malicious Prosecution

Fontenot, Franks, and Mott contend that: (1) Plaintiff's § 1983 claims for violations of the Fourth and Fourteenth Amendments, based on his allegations of false arrest and false imprisonment, have been prescribed by the running of the

9

applicable statute of limitations; (Doc. 4-1 at pp. 14-16); (2) even if not prescribed, Plaintiff's Fourth Amendment claims fail since he was actually arrested pursuant to a valid warrant (Doc. 4-1 at pp. 16-18); (3) Plaintiff's Fourteenth Amendment claims also fail, according to Fontenot, Frank, and Mott, because such claims are redundant to his Fourth Amendment claims (Doc. 4-1 at pp. 18-20); and (4) Plaintiff cannot state a malicious prosecution claim under § 1983 as there is no such federal claim to pursue (Doc. 4-1 at pp. 20-21.)

In response, Plaintiff concedes that his claims for false arrest and false imprisonment are prescribed. (Doc. 17-1 at p. 2, Doc. 31-1 at p. 2.)  Plaintiff alleges in his complaint that, on or about April 24, 2013, he was arrested and detained in St. Landry Parish. (Doc. 1 at ¶ 1.)  Plaintiff's complaint was filed on July 13, 2016, well beyond the expiration of the applicable one-year period of limitations.  *See* La.Civ.Code Ann. Art 3492*; Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).  Based on Plaintiff's concession and the applicable law, Plaintiff's Fourth or Fourteenth Amendment claims arising out of his arrest and subsequent imprisonment are prescribed and subject to dismissal.[2]

---

[2]  As Plaintiff's § 1983 false arrest and false imprisonment claims are prescribed, it is unnecessary to consider whether these claims are without merit.

The Court now turns to Plaintiff's § 1983 claim of malicious prosecution.  The Fifth Circuit "has held that the federal Constitution does not include a "freestanding" right to be free from malicious prosecution." *Deville v. Marcantel*, 567 F.3d 156, 169 (5ᵗʰ Cir. 2009) (citing *Castellano v. Fragozo*, 352 F.3d 939, 958 (5ᵗʰ Cir. 2003)).  In *Castellano*, the Fifth Circuit recognized that § 1983 claims "must rest upon the denial of rights secured under federal and not state law." *Castellano*, 352 F.3d at 942.  Upon analyzing the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), the *Castellano* court determined that the Supreme Court had:

> [R]ejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the "particular sort of government behavior" at issue.  To the point, causing charges to be filed without probable cause will not without more violate the Constitution.  So defined, the assertion of malicious prosecution states no constitutional claim.  It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation.

> The initiation of criminal charges without probable cause that may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued.  Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.  Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54.

11

Plaintiff has not enumerated a specific § 1983 claim of malicious prosecution in his complaint.  Rather, Plaintiff appears to assert a claim under the Fourteenth Amendment relating to his allegations that he was implicated in crimes of which the Defendants did not have probable cause.  It is only when Defendants Fontenot, Frank, and Mott sought dismissal of a malicious prosecution claim that Plaintiff first advances arguments in support of a such claim.  Plaintiff contends that his malicious, or wrongful, prosecution is based upon a denial of his due process rights under the Fourteenth Amendment in that Defendants dragged him through the court system in an arbitrary and capricious manner.  (Doc. 17-1 at pp. 2-4.)

Plaintiff's vague and conclusory allegations of a due process violation in support of malicious prosecution fail to state a plausible claim for relief at this time. Thus, to the extent Plaintiff's complaint implicitly asserts a "stand alone" malicious prosecution claim, it is subject to dismissal.  Nevertheless, the undersigned finds that Plaintiff should be afforded an opportunity to amend his complaint to assert a Fourteenth Amendment due process violation with sufficient specificity or visibility to comply with *Castellano*.  *See Castellano*, 352 F.3d at 960 (explaining that "the anchor of constitutional claims be visible," as distinct from separate state law claims); *Watkins v. Eschette*, No. 14-265, 2015 WL 222348, at *9 (E.D. La. Jan. 13, 2015) (affording the plaintiffs "an opportunity to amend their Complaint to comply with

*Castellano's* mandate concerning specificity, given that the jurisprudence in this area leaves the precise contours of this cause of action less than clear").[3]

### Fifth, Eighth, and Ninth Amendment Claims

Fontenot, Frank, and Mott contend that Plaintiff cannot assert viable causes of action under the Fifth, Eighth, and Ninth Amendments.  (Doc. 4-1 at pp. 21-23.) Plaintiffs contend without any elaboration that they have asserted distinct claims under these amendments.  (Doc. 17-1 at p. 2; Doc. 31-1 at p. 2.)

Defendants correctly assert that Plaintiff cannot assert a viable cause of action under the Fifth Amendment as this clause only limits the actions of federal and not state officials.  *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Jinks v. LA Dept. of Public Safety & Corrections*, No. 08-432, 2009 WL 3486010, at *2 (W.D. La. Oct. 26, 2009).  Thus, their motions to dismiss are due to be granted with respect to Plaintiff's Fifth Amendment claim.

Next, the undersigned agrees with these defendants' contention that Plaintiff's claim of an Eighth Amendment violation is  conclusory and not directed at a specific defendant.  Other than making a passing reference to an Eighth Amendment violation (Doc. 1 at ¶ 13.), Plaintiff's complaint is devoid of any specific facts or allegations

---

[3] Even in the wake of the decisions in *Castellano* and *Albright*, claims asserting the denial of due process under the Fourteenth Amendment in the context of malicious-prosecution cases are not entirely foreclosed.  *See Watkins*, 2015 WL 222348, at *8 n.15.

that any named defendant violated Plaintiff's Eighth Amendment rights.  Because
Plaintiff's conclusory allegation fail to state a plausible Eighth Amendment claim that
is plausible on its face, it is subject to dismissal.  *See Twombly*, 550 U.S. at 555, 570.

Lastly, Fontenot, Frank, and Mott correctly argue that the Ninth Amendment
is an improper vehicle for bringing a civil rights claim.  *See Mitchell v. Town of Lake
Arthur*, No. 1:16-0064, 2016 WL 2726561, at *2 (W.D. La. May 9, 2016).
Accordingly, Plaintiff's Ninth Amendment claim is subject to dismissal.

## Section 1981 Claim

Fontenot, Frank, and Mott contend that Plaintiff's complaint fails to state a
claim for relief under 42 U.S.C. § 1981 because "[t]here are no factual allegations or
assertions that plaintiff had any contractual rights that were allegedly interfered with
by defendants on the basis of his race." (Doc. 4-1 at p. 26.)  Plaintiff references 42
U.S.C. § 1981 only in Paragraph  36 of the complaint, where he seeks attorneys fees
under the statute.  (Doc. 1 at ¶ 36.)  In responding to the motions to dismiss, Plaintiff
makes no argument to suggest that he ever raised a claim under § 1981.   The Court,
therefore, finds that it is unnecessary to dismiss a claim that was never asserted in the
first place.[4]

---

[4] Defendants Fontenot, Frank, and Mott contend that Plaintiff have failed to state a
cognizable constitutional claim based on certain "faulty investigations."  (Doc. 4-1 at pp.
23-24.)  Indeed, "[t]here is no constitutional right to investigation" and, therefore "no

## Claims against Chief of Police Fontenot

Fontenot contends that Plaintiff's § 1983 claims against him in his individual capacity are subject to dismissal as conclusory and for failure to plausibly suggest an entitlement to relief.  (Doc. 4-1 at pp. 24-26.)   In a separate motion to dismiss, Fontenot further contends that: (1) Plaintiff's claims against him in his individual capacity fail because he was not Chief of Police at the time the incident at issue occurred; and (2) Plaintiff's claims against him in his official capacity are redundant to any claims asserted against the municipality.  (Doc. 9-3 at pp. 1-2.)

While acknowledging that Fontenot was not the Chief of Police at the time of the incident, Plaintiff responds that such fact does not warrant the granting of his motion to dismiss as he is now the Chief of Police.  (Doc. 13-1 at p. 1.)  Plaintiff further argues that his claims against Chief Fontenot in his official capacity are not redundant as the City of Eunice is not a party in this case.  (Doc. 13-1 at p. 2.)

A review of Plaintiff's complaint reflects that he only sues Fontenot in his official capacity.  (Doc. 1 at ¶¶ 17, 31.)  It is, therefore, unnecessary to consider arguments relating to dismissal of any claims asserted against him in his individual

---

constitutional basis for a Section 1983 action based on an 'unreasonable investigation.'" *Burrell v. Adkins*, No. CV01-2679, 2007 WL 4699166, at *9 (W.D. La. Oct. 22, 2007) (quoting *Shields v. Twiss*, 389 F.3d 142 (5th Cir. 2004)).  However, it does not appear that Plaintiff raised such a distinct claim in his complaint, and he made no reference to such a claim in responding to the motions to dismiss.

capacity.  Fontenot's request to have all claims dismissed against him in his official capacity as redundant is without merit.  "When . . . a government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant."  *Broussard v. Lafayette City-parish Consolidated Government*, 45 F. Supp. 3d 553, 572 (W.D. La. 2014).  In this case, however, the City of Eunice is not a party to this action, and, therefore, claims asserted against Defendant Fontenot in his official capacity are not subject to dismissal as redundant.[5]

## D.    Analysis of Plaintiff's State Law Claims[6]

Fontenot, Frank, and Mott contend that Plaintiff's state law claims of false arrest and false imprisonment are prescribed.  (Doc. 4-1 at pp. 29-31.)  Alternatively, Fontenot, Frank, and Mott contend that these claims fail because Plaintiff was arrested pursuant to facially valid warrant and probable cause existed for his arrest. (Doc. 4-1 at pp. 31-32.)  Lastly, they contend that Plaintiff's state law claim of malicious prosecution fails as a matter of law because probable cause existed for the

---

[5]  It is undisputed that Defendant Fontenot was not the Chief of Police at the time of the alleged incident, as he took office on January 1, 2015.  Plaintiff indicates that he will be amending his complaint for damages to add both the City of Eunice and former Chief of Police Ronald Dies as defendants. To date, no such amendment has been filed.

[6] Should the Court dismiss all of Plaintiff's § 1983 claims, Defendants Fontenot, Frank, and Mott urge the Court to exercise supplemental jurisdiction over Plaintiff's state law claims.  However, as discussed above, not all of Plaintiff's § 1983 claims are subject to dismissal at this time.

arrest and there is no indication of malice on the part of Defendants.  (Doc. 4-1 at pp. 32-34.)

Plaintiff concedes that his false arrest and false imprisonment claims are prescribed.  (Doc. 17-1 at p. 2, Doc. 31-1 at p. 2.)  As discussed above, Plaintiff alleges in his complaint that he was arrested and detained on or about April 24, 2013, and he filed this action on July 13, 2016.  He, therefore, filed this action well beyond the expiration of the applicable one-year period of limitations. *See* La.Civ.Code Ann. Art 3492*; Hatten v. Busbice*, No. 13-386, 2013 WL 4648332, at *2 (W.D. La. Aug. 29, 2013).  Based on Plaintiff's concession and the applicable law, Plaintiff's state law claims arising out of his arrest and subsequent imprisonment are prescribed and subject to dismissal.[7]

With regard to Plaintiff's state law claim of malicious prosecution, Louisiana recognizes such a cause of action.  *See Deville*, 567 F.3d at 173 (citing *Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984)).  The elements of a state law claim of malicious prosecution are: "(1) the commencement or continuation of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4)

---

[7]  As Plaintiff's false arrest and false imprisonment claims are prescribed, it is unnecessary to consider whether the additional arguments that these claims are without merit.

17

the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Deville*, 567 F.3d at 173.

"Although the plaintiff ordinarily bears the burden of proof on all the elements of a malicious prosecution claim, there is a presumption of malice and a lack of probable cause in cases where the prosecuting officer has dismissed the charges." *Mills v. Bogalusa*, No. 13-5477, 2016 WL 1045977, at *10 (E.D. La. Mar. 16, 2016). Louisiana law has firmly established:

> [T]he rule that where a committing magistrate, without trial, has discharged the accused, or the prosecuting officer has dismissed the charge, or where a grand jury has returned a no bill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant.

*Robinson v. Rhodes*, 300 So. 2d 249, 251 (La. App. 2d Cir. 1974).

Fontenot, Frank and Mott contend that Plaintiff cannot satisfy the fourth and fifth elements of a malicious prosecution claim. They have submitted a valid arrest warrant, signed by a neutral and detached magistrate judge and dated April 24, 2013, as evidence that probable cause existed to arrest and detain Plaintiff. (Doc. 4-1 at p.

32, Doc. 4-3.)[8]  These defendants further contend that Plaintiff has not "produce[d]
any evidence of malice."  (Doc. 4-1 at p. 33.)  However, Plaintiff's have alleged that
the St. Landry Parish District Attorney subsequently dismissed all charges against
Plaintiff.   Such a dismissal of Plaintiff's state law criminal proceeding by the
prosecutor means there exists a presumption of malice and lack of probable cause.

As with his § 1983 claim of malicious prosecution, Plaintiff provides few
factual allegations in support of his state law malicious prosecution claim.  For
example, Plaintiff provides no allegations surrounding the nature of the district
attorney's dismissal and the date when the dismissed occurred.  The paucity of facts
provided make it difficult for the Court to determine whether Plaintiff has
successfully alleged each element of a state law malicious prosecution claim.  The
undesigned, therefore, finds it appropriate to give Plaintiff an opportunity to amend
his complaint and provide more specific allegations in support of his state law
malicious prosecution claim.

---

[8] Plaintiff's arrest warrant, which is attached to the Motion to Dismiss filed by
Fontenot and Frank, is properly considered a matter of public record.  *Roberts v. Wal-
Mart Louisiana LLC*, No. 15-0119, 2016 WL 6561523, at *3 (W.D. La. Nov. 2, 2016)
(finding that documents such as arrest warrants, affidavit, and police reports "are matters
of public record that can be judicially noticed in considering a 12(b)(6) motion").
Accordingly, the motions to dismiss filed by Fontenot, Frank, and Mott have not been
converted to a motion for summary judgment.

### III. Conclusion

Based on the foregoing reasons, the undersigned RECOMMENDS that the EPD's Motion to Dismiss (Doc. 6) be GRANTED and that Plaintiff's claims against the EPD be DISMISSED WITH PREJUDICE.

The undersigned further RECOMMENDS that the Motions to Dismiss filed by Defendants Fontenot, Frank, and Mott (Docs. 4 and 23) be GRANTED IN PART and DENIED IN PART.  These motions are GRANTED to the extent that the following claims should be DISMISSED WITH PREJUDICE: (1) all § 1983 and state law claims of false arrest and false imprisonment; and (2) all claims under the Fifth, Eighth, and Ninth Amendments.  These motions are DENIED WITHOUT PREJUDICE as to Plaintiff's § 1983 claim of a Fourteenth Amendment/malicious prosecution violation and state law claim of malicious prosecution in order to allow Plaintiff within FOURTEEN (14) days of the entry of the Court's ruling on this Report and Recommendation, the opportunity to seek leave to amend their complaint to cure the deficiencies as set forth in the foregoing analysis; and thereafter, to the rights of the Defendants to reurge their motion to dismiss.

The undersign further RECOMMENDS that Defendant Fontenot's separate Motion to Dismiss (Doc. 9) is DENIED.

20

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 14th day of December, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**