UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **LIONEL NED, JR.** | **CIVIL ACTION NO. 16-1035** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **EUNICE POLICE DEPARTMENT, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

Pending before the Court is an action brought by Plaintiff Lionel Ned, Jr. ("Ned") against Eunice Police Department ("EPD"), Officer Raymond Mott ("Officer Mott"), Officer A.J. Frank ("Officer Frank"), and Chief of Police Randy Fontenot ("Chief Fontenot").

On July 13, 2016, Ned filed the instant Complaint asserting several claims under 42 U.S.C. § 1983, as well as state law claims of wrongful arrest, wrongful detention, and malicious prosecution. [Doc. No. 1]. On September 16, 2016, Defendants Chief Fontenot and Officer Frank filed a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) [Doc. No. 4]. On the same day, EPD also filed a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) [Doc. No. 6]. On October 10, 2016, Chief Fontenot filed another motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) [Doc. No. 9]. Additionally, on November 15, 2016, Officer Mott filed a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) [Doc. No. 23].

On December 14, 2016, Magistrate Judge Whitehurst issued a Report and Recommendation [Doc. No. 33] in which she recommends dismissing: (1) all claims against EPD, (2) all § 1983 and state law claims of false arrest and false imprisonment, and (3) all claims under the Fifth, Eighth, and Ninth Amendments.

Ned filed objections on December 28, 2016. [Doc. No. 34]. Chief Fontenot, Officer Frank and Officer Mott filed a response to the objections on January 11, 2017. [Doc. No. 37].

Ned objects to the Report and Recommendation to the extent it recommends dismissing his Fifth, Eighth, and Ninth Amendment claims. *Id.*

The Court issues this Ruling to address these objections.

First, Ned is unable to assert a viable § 1983 cause of action under the Fifth Amendment. The Fifth Circuit has held that "the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Therefore, any amendment by Ned to his initial Complaint on Fifth Amendment grounds would be futile.

Next, Ned is also unable to assert a viable § 1983 cause of action under the Ninth Amendment. The Ninth Amendment to the United States Constitution states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Hence, the Ninth Amendment does not provide an action for a civil rights violation. *Richardson v. Sewerage & Water Bd.*, No. CIV. A. 95-3033, 1996 WL 288275, at *2 (E.D. La. May 30, 1996). Therefore, any amendment by Ned to his initial Complaint on Ninth Amendment grounds would be futile.

Finally, Ned is also unable to assert a viable § 1983 cause of action under the Eighth Amendment. Ned has not alleged any facts in his Complaint or objections to the Report and Recommendation to constitute a plausible Eighth Amendment claim, nor could he do so.

The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees. Ned has not asserted facts to

suggest that his rights were violated as a prisoner or that he was ever held as anything other than a pretrial detainee. As a pretrial detainee, a suspect's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because a pretrial detainee has not yet been convicted of the crime with which he has been charged, a pretrial detainee has a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Morin*, 77 F.3d at 120. Therefore, any amendment by Ned to his initial Complaint on Eighth Amendment grounds would be futile.[1]

Having conducted a *de novo* review and fully considered the parties' arguments, the Court ADOPTS the findings and conclusions set forth in Magistrate Judge Whitehurst's Report and Recommendation which recommends that the Court dismiss Ned's claims against the EPD with prejudice; all § 1983 and state law claims of false arrest and false imprisonment; and all claims under the Fifth, Eighth, and Ninth Amendments.

Additionally, the Court adopts Magistrate Judge Whitehurst's recommendation to allow Ned fourteen (14) days from the entry of this Judgment to seek leave to amend his Complaint as to his § 1983 claim of a Fourteenth Amendment violation and state law claim of malicious prosecution. If Ned fails to amend his Complaint to properly allege these claims, they will be dismissed.

Thus, for these reasons, EPD's Motion to Dismiss [Doc. No. 6] is GRANTED and Ned's claims against the EPD are DISMISSED WITH PREJUDICE.

Further, Defendants Chief Fontenot, Officer Frank, and Officer Mott's Motions to Dismiss

---

[1] The Court notes that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a). However, any amendment to Plaintiff's Complaint on these grounds would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (Leave to amend generally should be granted absent some justification for refusal such as "futility of the amendment.").

[Doc. Nos. 4 & 23] are GRANTED IN PART and DENIED IN PART. To the extent Defendants move the Court to dismiss Ned's § 1983 and state law claims of false arrest and false imprisonment, and Ned's claims under the Fifth, Eighth, and Ninth Amendments, the motions are GRANTED and those claims are DISMISSED WITH PREJUDICE. The motions are otherwise DENIED.

Further, Defendant Chief Fontenot's separate Motion to Dismiss [Doc. 9] is DENIED.

MONROE, LOUISIANA, this 23rd day of January, 2017.

*/s/ Robert G. James*
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**